UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KELLY K.,<br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>      Defendant. | CAUSE NO.: 4:20-CV-78-JVB-SLC |

## OPINION AND ORDER

Plaintiff Kelly K. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's application for benefits, she alleged that she became disabled on January 23, 2015. After an October 31, 2019 hearing, Administrative Law Judge (ALJ) Robert Long issued his decision on November 27, 2019. He found that Plaintiff suffered from the severe impairments of major depressive disorder and panic disorder with agoraphobia. (AR 17). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant could have had occasional interaction with supervisors; brief, superficial interaction with coworkers; and no interaction with the public. Due to concentration deficits, the claimant was limited to work in a moderately noisy environment, such as an office. The claimant could not perform any assembly line work and was limited to

> work that does not involve hourly or less quotas. The claimant was limited to work where change was introduced gradually.

(AR 19). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform her past relevant work but was able to perform the representative occupations of office helper, mail clerk, and inspector/hand packager. (AR 22). Accordingly, the ALJ found Plaintiff to be not disabled from January 23, 2015, through March 31, 2015, which is the date that Plaintiff last met the insured status requirement of the Social Security Act. (AR 23). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff raises several arguments in her brief. However, the Court finds one of these arguments—that the ALJ's analysis of whether Plaintiff meets the Paragraph B criteria of Listings 12.04 or 12.06 is flawed—to be outcome determinative and addresses only that issue.

Though an ALJ need not mention every piece of evidence in the record, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). This is especially true in the context of evaluating mental illness because "a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). Further, a social security claim is properly remanded if the ALJ has mischaracterized the evidence such that the necessary logical bridge between evidence and conclusion does not exist. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916-17 (7th Cir. 2003); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

At Step 3 of the sequential process, the ALJ considered whether Plaintiff met the "Paragraph B criteria" of Listings 12.04 or 12.06. A social security claimant meets either listing if (in addition to Paragraph A criteria not at issue here) the claimant has "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember, or apply information. 2. Interact with others. 3. Concentrate, persist, or maintain pace. 4. Adapt or manage oneself." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The ALJ's analysis of each category is flawed.

3

First, the ALJ found that Plaintiff has a mild limitation in understanding, remembering, or applying information. (AR 18). In support, the ALJ reported that Plaintiff stated in her Function Report that she had some issues following written and spoken instructions. (AR 18 (citing, generally, AR 347-359)). The ALJ stated that "they appear to relate to difficulties concentrating," but it is not clear that the ALJ took this into account when considering Plaintiff's ability to concentrate. (AR 18). Further, the ALJ has mischaracterized Plaintiff's statements. In Plaintiff's Function Report, she said that she follows written instructions "not very well" and that spoken instructions have to be repeated multiple times because she forgets and gets anxious. (AR 356). She also stated that at her job with Securitas "[d]epression would make me get to the point of not speaking or following instructions." (AR 358). She also gets "daily prompts to do hygiene but [I] get agitated and don't do it sometimes." (AR 353). The ALJ also noted that Dr. Ogle found Plaintiff to have "limited but satisfactory ability to understand and remember very short and simple instructions." (AR 18 (citing AR 1637)). The ALJ failed to mention that Dr. Ogle also found Plaintiff to be seriously limited in her abilities to make simple work-related decisions and to respond appropriately to changes in a routine work setting. (AR 1637).

Next, the ALJ found that Plaintiff has a moderate limitation in interacting with others. (AR 18). In support, the ALJ asserts that Plaintiff testified that she prefers to be alone[1] but countered it with Plaintiff's February 2015 statement that she had "made progress by overcoming panic in several areas" and with Plaintiff's indications that she improved with medication. (AR 18 (citing AR 701-02, 730, 764)). However, the examples given in the medical record for Plaintiff's improvement were "driving long distance, attending therapy regularly, and being open to several interventions." (AR 764). She was "still working toward overcoming several obstacles such as her

---

[1] No specific citation was provided, other than "Hearing Testimony."

4

anger and anxiety." *Id.* It is unclear whether this improvement relates to Plaintiff's ability to interact with others, and even if it does, how much improvement she experienced. Mere "improvement" of an unknown degree is not necessarily equivalent to only mild or moderate limitations. The ALJ also supported his decision with Plaintiff's Function Report, in which she stated that she did not have problems getting along with others, including friends, neighbors, or others. (AR 18 (citing AR 356)). However, Plaintiff also stated in the report that, in interacting with authority figures, "I get anxious and panic attacks and agitated." (AR 357). She provided an example: "At Taco Bell, I had to run the registers and work with customers. I would have panic attacks and anxiety to the point I would mess up the orders, give wrong change and become agitated." (AR 358). It is true that she marked the "No" box in response to the question "Do you have any problems getting along with family, friends, neighbors, or others," (AR 356), but she also previously answered just a few questions more that she does not spend time with others. (AR 355). Accordingly, this is about as probative as someone saying they have never had a problem with altitude sickness when the person also indicates they have never been to a location more than 5,000 feet above sea level. Additionally, the ALJ failed to mention Dr. Ogle's opinion that Plaintiff is seriously limited in her ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes. (AR 1637).

Third, the ALJ found that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace. (AR 18). The ALJ reported that Plaintiff testified to trouble concentrating and issues with hallucinations and flashbacks and that Plaintiff stated in her Function Report that she had "some trouble paying attention." (AR 18 (citing "Hearing Testimony" and AR 347-359)). Plaintiff, in her Function Report, stated that her daily activities include staring at the television but not paying attention to it. (AR 351). The ALJ countered this with Dr. Ogle's opinion that Plaintiff

had limited but satisfactory ability to maintain attention for two-hour segments. (AR 18 (citing AR 1637)). Notably, the ALJ ignored Dr. Ogle's opinion provided on the exact same page of the record that Plaintiff is "seriously limited" in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 1637).

Finally, the ALJ found that Plaintiff has a moderate limitation in adapting or managing herself. (AR 18). The ALJ noted that Dr. Ogle opined that Plaintiff could not meet competitive standards in dealing with normal work stress. (AR 18-19 (citing B12F)). The ALJ also noted that Plaintiff stated in her Function Report that she had "some trouble handling stress and changes of routine" but also stated that she was able to take care of her own personal needs with reminders and could pay bills and handle a savings account. (AR 19 (citing B3E)). What Plaintiff actually reported is that, regarding how well she handles stress, "I get panic attacks and anxiety, sometimes requires meds to calm me down," regarding how well she handles changes in routine, "I don't," regarding reminders to take care of personal needs, "I get daily prompts to do hygiene but [I] get agitated and don't do it sometimes," and regarding handling money, "anxiety gets high and panic attacks happen while paying bills." (AR 347-359).

In all of these four criteria of the Paragraph B analysis, the ALJ improperly and unfairly mischaracterized Plaintiff's statements of her abilities and disregarded her statements of more extreme limitations. Regarding Dr. Ogle's opinion, the ALJ cited it as authority for findings that Plaintiff had "limited but satisfactory" abilities but ignored the findings that she was "seriously limited" in other areas that inform the Paragraph B analysis. That is, the ALJ impermissibly cherry-picked from Dr. Ogle's opinion. The ALJ's decision regarding the Paragraph B criteria does not rest on substantial evidence. This case must be remanded for a fair evaluation of the evidence, and the Court highly recommends that the agency assign this case on remand to a different ALJ.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 21], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **RECOMMENDS** that this matter be reassigned to a different ALJ on remand.

SO ORDERED on February 23, 2022.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN, JUDGE
> UNITED STATES DISTRICT COURT